Battle, J.
 

 The interlocutory order, from which the appeal is taken, is founded upon the 119th section of the 31st chapter of the Revised Statutes, amended by the 52nd chapter of the act, of 1850. These enactments declare that “whenever suit shall be brought upon any bond given by any executor, &c., or against any executor, &c., it shall be the duty of the Court, at the appearance Term of said suit, on motion of either party, to refer the same, &c., to the clerk or any other person, &c., and such person, &c., shall take an account, under the same rules, regulations and restrictions as are now provided for taking an account in a Court of Equity,” &c. The defendant objects to the order, upon the ground that the Court had no power, by virtue of these statutes, to authorise the commissioner to examine him upon oath at all; but that, if it had, the authority conferred was greater than the statutes justified. We have no hesitation in saying that the terms, “
 
 same rules, regulations and restrictions
 
 as are now provided for taking an account in a Court of Equity,” which define the power given to the Court of Law, will authorise an order for the examination of either party upon oath, if the Court of Equity be possessed of such power ; and that it is, all the standard books of equity practice abundantly show. 2 Dan’l Ch. Pr. 1367, and note 1 Adams’ Eq. 382. We see no ground for the complaint, that the order, objected
 
 *406
 
 to, exceeded the power possessed by the Court. It restricts the examination of the defendant
 
 “
 
 to his receipts, distributions and other matters relative and pertinent to his account as executor.” It could not have been less to have insured a full and fair examination of his accounts as executor ; and yet, it, effectually guards against any impertinent or improper enquiries. In the case of Fuller v. McMillan, Busb. Rep. 206, we held that the power conferred upon Courts of law, by the 86th section of the 31st chapter of the Revised Statutes, to compel parties to' produce books or writings, was, by its reference to the rules of chancery practice, to be regulated by the power of the Court of Equity in such cases. The two statutes have very much the same object in view, and ought to receive a like construction. The order was proper, and must be affirmed.
 

 Judgment affirmed.